MANDATE

04-5635-cr
United States v. Johnson

D. Conn.
Burns, J.
03 Cr. 215

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT http://www.ca2.uscourts.gov/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of February, two thousand and eight.

PRESENT:     HON. BARRINGTON D. PARKER,
             HON. REENA RAGGI,
             HON. PETER W. HALL,
                                  *Circuit Judges.*



---

United States of America,

                            *Appellee,*

            v.                                  **SUMMARY ORDER**
                                                **No. 04-5635-cr**

Keith Johnson,

                            *Defendant-Appellant.*

---

For DEFENDANT-APPELLANT:     Jeffrey C. Kestenband, Tindall McCoy Culkin &
                             Kestenband, Glastonbury, CT.

For APPELLEE:                Anastasia Enos King, Assistant United States Attorney
                             (Sandra S. Glover, Assistant United States Attorney, *on the
                             brief*), *for* Kevin J. O'Connor, United States Attorney,
                             District of Connecticut.

ISSUED AS MANDATE: 3/12/08

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of conviction is hereby AFFIRMED.

Defendant-appellant Keith Johnson ("Johnson") appeals a judgment of conviction in the United States District Court for the District of Connecticut (Burns, *J.*) for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced principally to 262 months' incarceration to run concurrently with an undischarged state sentence for a prior robbery and assault. We assume the parties' familiarity with the underlying facts and procedural history of the case.

On appeal Johnson contends (1) that the district court erred in failing to conduct a hearing to investigate an alleged conflict with counsel from the Office of the Federal Public Defender; (2) that the jury should not have been allowed to convict him on a theory of constructive possession of a firearm; and (3) that the evidence was insufficient to support a conviction based on constructive possession of a firearm. Finally, (4) he challenges the district court's calculation of his Guideline range.

Johnson's "Sixth Amendment right to effective assistance of counsel includes the right to representation by conflict-free counsel." *United States v. Schwarz*, 283 F.3d 76, 90 (2d Cir. 2002) (internal quotation marks omitted). We review his conflict of interest claim *de novo*. *Id.* at 90-91. A defendant bringing such a claim must "establish (1) an actual conflict of interest that (2) adversely affected his counsel's performance." *Id.* at 91; *see Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). To demonstrate the existence of an "actual conflict," Johnson must show that "during the course of the representation, [his] attorney's and [his own] interests diverge[d] with respect to a material factual or legal issue or to a course of action." *Schwarz*, 283 F.3d at 91 (internal quotation marks omitted). Mere expressions of dissatisfaction with an attorney's

2

1  performance do not establish the existence of an actual conflict.  *See United States v. Moree*, 220

2  F.3d 65, 71 (2d Cir. 2000).

3  Johnson contends that an actual conflict existed between him and his first appointed

4  attorney, Roger Sigal, which was imputed to the attorney who subsequently represented him at

5  trial, Peter Avenia.  He also argues that in light of his conflict, the district court's failure to

6  conduct a hearing pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982), warrants

7  automatic reversal of his conviction.  These claims are without merit.  In a June 8, 2004 hearing

8  before the district court, Johnson expressed a litany of complaints about Sigal.  These

9  expressions of dissatisfaction fall far short of demonstrating that Johnson's interests and those of

10  his attorney "diverge[d] with respect to a material factual or legal issue or to a course of action."

11  *Schwarz*, 283 F.3d at 91 (citation omitted).  Nor has Johnson shown that Sigal's purported

12  failures caused an actual lapse in either his own or Avenia's representation.  Since the record

13  presents no evidence that the district court reasonably should have known of any actual conflict,

14  no *Curcio* hearing was required.

15  Johnson also contends that the district court erred by permitting the jury to convict him

16  based on a theory of constructive possession.  Since he did not make this argument before the

17  district court, we review it for plain error.  *See* FED. R. CRIM. P. 52(b).  Johnson not only failed to

18  object to the jury instruction on constructive possession, to the contrary, he proposed the very

19  charge that he now contests on appeal.  Accordingly, Johnson has waived any right to appellate

20  review of the charge.  *United States v. Giovanelli*, 464 F.3d 346, 351 (2d Cir. 2006) (per curiam).

21  Johnson further claims that insufficient evidence supported his conviction for being a

22  felon in possession of a firearm.  In our review, "we view the evidence in the light most

23  favorable to the government, drawing all inferences in the government's favor and deferring to

3

1   the jury's assessments of the witnesses' credibility." *United States v. Parkes*, 497 F.3d 220, 225

2   (2d Cir. 2007). "Possession" within the meaning of § 922(g)(1) may be actual or constructive.

3   *United States v. Gaines*, 295 F.3d 293, 300 (2d Cir. 2002). "[C]onstructive possession, exists

4   when a person has the power and intention to exercise dominion and control over an object,

5   [which] may be shown by direct or circumstantial evidence." *Id.* (internal quotation marks

6   omitted). The government may show that a defendant exercised dominion and control over an

7   object by demonstrating that "the defendant exercised dominion and control over the premises in

8   which the firearms are located." *United States v. Dhinsa*, 243 F.3d 635, 676 (2d Cir. 2001).

9        The government proved both actual and constructive possession. Johnson's nephew, Joe

10   Shannon, testified that the gun belonged to Johnson and that he had seen Johnson carry the gun

11   and put it away in his house prior to the night in question. Shannon also testified that Johnson

12   entered his car with the gun and placed it under his seat. Lieutenant Andrew Nelson

13   corroborated this account by testifying that the gun was found in Johnson's car and underneath

14   the passenger seat where he had been sitting, and that Johnson acted oddly as Nelson pulled the

15   car over and approached him. Agent Kurt Wheeler testified that the gun belonged to Johnson

16   and was found in his car, which Shannon drove on the night of the robbery. Viewed in the light

17   most favorable to the Government, testimony by these witnesses was sufficient to permit a jury

18   to conclude that, at a minimum, Johnson constructively possessed a firearm by "exercis[ing]

19   dominion and control over the premises in which the firearm [was] located." *Dhinsa*, 243 F.3d

20   at 676. Johnson's insufficiency of the evidence claim therefore fails.

21        Johnson challenges his sentence on a number of grounds, which this Court need not reach

22   in light of the government's agreement that he is entitled to a remand for resentencing pursuant

23   to *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Fagans*, 406 F.3d 138 (2d

4

1   Cir. 2005).  We first address Johnson's claim that the district court erred in enhancing his

2   sentence pursuant to the Armed Career Criminal Act ("ACCA") because his Connecticut

3   conviction for rioting in a correctional institution does not qualify as a predicate offense

4   triggering application of the statute.

5          Where a defendant has failed to raise an objection below to the district court's conclusion

6   that the prior offense was a violent felony under the ACCA, this Court reviews the district

7   court's determination for plain error. *United States v. Danielson*, 199 F.3d 666, 671 (2d Cir.

8   1999) (per curiam).  A criminal defendant may be subject to enhanced sentencing pursuant to

9   U.S.S.G. § 4B1.1(a), if he is an "an armed career criminal."  The ACCA provides that a person

10  who is convicted of being a felon in possession in violation of 18 U.S.C. § 924(g) and who has

11  three previous convictions for a violent felony or serious drug offense faces a mandatory

12  minimum of fifteen years in prison. 18 U.S.C. § 924(e)(1).  A "violent felony" for purposes of

13  the statute includes crimes that are "punishable by imprisonment for a term exceeding one year .

14  . . [and] otherwise involve[] conduct that presents a serious potential risk of physical injury to

15  another." *Id.* § 924(e)(2)(B).  For a state crime to fall under this provision, it is not required that

16  "every conceivable factual offense covered by [the] statute . . . necessarily present[s] a serious

17  potential risk of injury." *James v. United States*, 127 S. Ct. 1586, 1597 (2007).  "Rather, the

18  proper inquiry is whether the conduct encompassed by the elements of the offense, in the

19  ordinary case, presents a serious potential risk of injury to another." *Id.*

20         The district court did not commit plain error by considering Johnson's conviction for

21  rioting in correctional facility as an ACCA predicate offense.   "A person is guilty of [this crime]

22  when he incites, instigates, organizes, connives at, causes, aids, abets, assists, or takes part in any

23  disorder, disturbance, strike, riot, or other organized disobedience to the rules and regulations of

5

1   [a correctional facility]." Conn. Gen. Stat § 53a-179b.  While not every conceivable instance of

2   rioting in a correctional facility necessarily poses a serious risk of potential injury to others, in

3   the ordinary case, the conduct encompassed by the crime does present such a risk.

4       Johnson also contends that there was no legal basis to enhance his sentence based on

5   facts not charged in the indictment and that he should not have been asked to stipulate to these

6   facts.  We disagree.  District courts may sentence defendants based on facts "not alleged in the

7   indictment, as long as those facts do not increase the penalty beyond the prescribed statutory

8   maximum sentence or trigger a mandatory minimum sentence that simultaneously raises a

9   corresponding maximum, without violating the Fifth or the Sixth Amendment."  *United States v.*

10  *Sheikh*, 433 F.3d 905, 905-06 (2d Cir. 2006).  Pursuant to *Apprendi v. New Jersey*, 530 U.S. 466

11  (2000), facts pertaining to a defendant's prior convictions may be used to enhance the

12  defendant's sentence even though those facts were not admitted by the defendant or proved to a

13  jury.  *Id.* at 489.  These principles were fully respected by the court below.  Finally, we note that

14  the district court thoroughly canvassed the defendant prior to accepting his stipulation regarding

15  his criminal history at a hearing held specifically for this purpose.  The record is clear that the

16  defendant understood the nature and limits of the proposed stipulation.

17      Johnson's remaining claims and other challenges to his sentence are without merit.

18  Accordingly, the conviction is AFFIRMED and the case is REMANDED to the district court for

19  resentencing.

20                                          FOR THE COURT:

21  Catherine O'Hagan Wolfe, Clerk            Catherine O'Hagan Wolfe, Clerk of Court

22  by_____               By:_____

6